FULFORD *v.* J. L. HUDSON CO.

1. MASTER AND SERVANT—FINDING OF DEPARTMENT—EVIDENCE.

Testimony of plaintiff, corroborated in part, *held*, sufficient to sustain finding that when she slipped on a wet floor in restaurant where she was working she received an accidental injury to her back arising out of and in course of employment and that employer had notice thereof.

2. SAME—PETITION TO TAKE FURTHER TESTIMONY—AVAILABILITY OF WITNESSES.

Denial of petition to take further testimony, filed by employer and insurer after deputy commissioner had made award to employee, *held*, without error, where witnesses sought to be examined had been employed by defendant at time of injury and were available for the several hearings prior to making of award.

Appeal from Department of Labor and Industry. Submitted October 9, 1934. (Docket No. 67, Calendar No. 37,991.) Decided December 10, 1934.

Lucille Fulford presented her claim against J. L. Hudson Company, employer, and Standard Accident Insurance Company, insurer, for accidental injury sustained while in defendant's employ. Defendants review award to plaintiff by appeal in the nature of certiorari. Affirmed.

*Riggs, Smith & Snyder* (*William S. McDowell* and *Raymond W. Labar,* of counsel), for plaintiff.

*Merritt U. Hayden,* for defendants.

NELSON SHARPE, C. J. Defendants seek review of an award made by the department of labor and industry allowing plaintiff compensation for an injury sustained by her about the middle of February, 1932, while in the employ of the defendant J. L. Hudson Company as a waitress in its restaurant in the city of Detroit.

The defendants insist that no evidence was submitted to the deputy commissioner to justify the finding of the commission that plaintiff sustained an accidental injury at the time and place above stated. The plaintiff testified that on or about the 16th of February, 1932, "I was taking a lot of soiled dishes out into the serving room, and I got the water glasses first, which we have to do, and there was water on the floor between the water station and the dessert station and I slipped, and I felt a pain in my back like something was pulling my spine right out," that she tried to straighten up, but couldn't; that she "started to cry, it hurt me

so badly;'' that the woman in charge of the dining room saw her and, when told what had happened, ordered her to go up to the hospital on the 14th floor of the building, and she went and the surgeon in charge "put a wide adhesive tape" across her back and told her to return the next day; that she was confined to her bed for about 10 days thereafter; that a nurse from the store came to see her several times; that she went back to work after she got out of bed, but her back continued to trouble her; that she worked until the 9th of September, 1932, when she slipped on some wet boards and would have fallen but for the assistance of some other waitresses; that the woman in charge again sent her to the hospital, where the doctor ordered treatments for her every day, which were continued for about two months; that the manager put her to work in the check room, where she worked until March 27th, when she was put back to work on the floor; that she was in such misery she could not work; that she was asked to resign, but declined to do so; that she was given a leave of absence and kept on the pay roll for some time, and has been unable to do any work since that time.

In view of this testimony, corroborated in part by that of other witnesses, it cannot be said that there was no evidence to support the finding of the commission that the plaintiff sustained an accidental injury arising out of and in the course of her employment about the middle of February, 1932, and that her employer had notice thereof.

The hearing before the deputy commissioner was first had on December 26, 1933. An adjournment was then taken to January 29, 1934, when a number of other witnesses were examined. A further adjournment was then taken to February 8, 1934. On

the day following, the deputy made his award, allowing compensation to plaintiff. Defendants filed a claim for review with the department on February 21, 1934, and plaintiff a few days later. On April 19th, they (defendants) filed a petition to take further testimony, and supported it by affidavits of the witnesses they desired to examine. These witnesses were at that time employees of the defendant J. L. Hudson Company, and had been in February, 1932, when plaintiff claimed she first sustained an injury. In denying this petition, the department, after referring to the dates on which testimony had been taken, said:

"There is no showing in this case that this testimony could not have been secured at that time. There must be an end to these matters some time. Consequently, the defendants' petition for leave to take further testimony is denied."

We find no error in the action thus taken. The award is affirmed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.